**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| STATE OF OHIO, <br>            Plaintiff, | :   Case No. 3:25-CR-00050 |
| v. | :   JUDGE WALTER H. RICE |
| JOSE ANTONIO ALVARENGA, <br>            Defendant. | :   **REPLY TO PROSECUTOR'S** <br> **RESPONSE [DOC 22] TO** <br> :   **DEFENDANT'S MOTION TO DISMISS** <br> **INDICTMENT [DOC 14 & 18]** |

Now comes, Defendant, Jose Antonio Alvarenga ("Defendant" or "Mr. Alvarenga"),

through undersigned counsel, and respectfully submits this Reply to Prosecution's Response

[Doc 22] to his previously filed Supplement [Doc 18] to his Motion to Dismiss Pursuant to 8

U.S.C. § 1326(d) [Doc 14].  A memorandum of support follows.

Respectfully submitted,

/s/Marcie S. Sherman
Marcie S. Sherman (0098573)
Attorney for Mr. Alvarenga
The Law Office of Marcie S. Sherman
120 W. Second Street, Ste. 1200 Dayton, OH 45402
937-529-8099 –Phone
937-347-5576 – Fax
msherman@937lawyers.com

/s/ *Jacob S. Seidl*
Jacob S. Seidl (#0099147)
Law Office of Jacob Sterling Seidl LLC
Attorney for Jose Antonio Alvarenga
120 W. Second Street, Ste. 1200
Dayton, OH  45402
(937) 204-3652 – Office
jacob@seidllawoffice.com

**Memorandum of Support**

The Immigration Judge entered an in-absentia order even though the Notice of Hearing mailed to 148 Hammond Road, Mars, Pennsylvania, was returned "RETURN TO SENDER—NOT DELIVERABLE AS ADDRESSED—UNABLE TO FORWARD" (ROP, Ex. F, Doc. 18-1 at PAGEID 87–94). The written decision was then mailed to the same bad address and came back "UNABLE TO FORWARD—NO ADDRESS PROVIDED" (ROP, Ex. F, Doc. 18-1 at PAGEID 87–94). The hearing audio reflects the Immigration Judge's acknowledgment that Mr. Alvarenga did not actually receive the hearing notice before the court proceeded in absentia (Hrg. Audio, Ex. G, Doc. 18 at PAGEID 78–80). The government concedes the Notice of Hearing was returned (Gov't Br. 3–4 (PAGEID 107–09)). Proceeding in those circumstances violates 8 U.S.C. § 1229a(b)(5)(A)'s requirement that written notice "was provided" and violates due process. *United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1619–22 (2021), enforces the conjunctive nature of § 1326(d), and this record satisfies all three prongs.

However, Defendant narrows the dispute and abandons any *Pereira/Niz-Chavez* "jurisdiction/void ab initio" theory in light of *Santos-Santos v. Barr*, 917 F.3d 486, 490–93 (6th Cir. 2019), and *Campos-Chaves v. Garland*, 602 U.S. 447 (2024).

## I. Procedural Posture

Since the filings of the Motion to Dismiss as well as Prosecutor's Response, the Immigration Court denied Defendant's motion to reopen. That ruling eliminates the government's exhaustion refrain and confirms that administrative relief is not meaningfully "available" on this record. See 8 U.S.C. § 1326(d)(1). The Court should decide the motion on the

merits and dismiss. In the alternative, if the Court prefers agency review, Defendant has noticed a BIA appeal; the proper course is abeyance with 60-day status reports.

## II.     Facts

The certified record includes the returned Notice of Hearing bearing USPS markings "RETURN TO SENDER—NOT DELIVERABLE AS ADDRESSED—UNABLE TO FORWARD" (ROP, Ex. F, Doc. 18-1 at PAGEID 87–94). The hearing audio reflects the Immigration Judge's acknowledgment that Mr. Alvarenga did not actually receive the hearing notice before the court proceeded in absentia (Hrg. Audio, Ex. G, Doc. 18 at PAGEID 78–80). The court then mailed the written in-absentia decision to the same bad address, and it bears "UNABLE TO FORWARD—NO ADDRESS PROVIDED" (ROP, Ex. F, Doc. 18-1 at PAGEID 87–94). Mr. Alvarenga swore in an affidavit that he resided in temporary employer housing, did not know the street address, never received mail there, and never received any hearing notice (Alvarenga Aff. ¶¶ 3–6, Doc. 18-2 at PAGEID 95–96). He later reported to ICE when instructed through the bond obligor, was detained from May 31 to August 10, 2012, and was never told that an in-absentia order had been entered or that he could move to reopen (Doc. 18 at PAGEID 80–83). He has now sought reopening, and the government notes DHS's position that reopening is barred under 8 U.S.C. § 1231(a)(5) Gov't Br. 8–9 & n.5 (PAGEID 112–13).

## III.    Law

Due process requires notice "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). When the government learns that notice by mail has failed, due

process requires "additional reasonable steps" before it may proceed. *Jones v. Flowers*, 547 U.S. 220, 230–31 (2006).

Defendant acknowledges the statutory duty to update an address. See 8 U.S.C. § 1305(a). That duty does not authorize a court to proceed after learning its mailed notice failed. Once non-delivery is known, due process requires additional reasonable steps before an in-absentia order may enter. *Jones*, 547 U.S. at 230–31.

Congress codified the in-absentia rule in 8 U.S.C. § 1229a(b)(5)(A), which authorizes an in-absentia order only if the written notice required by § 1229(a)(1) or (2) "was provided," and allows rescission "at any time" where the noncitizen "did not receive notice." *Id*. § 1229a(b)(5)(C)(ii).

The regulations tie sufficiency of mail service to the address that the respondent actually provided. See 8 C.F.R. § 1003.26(d) (in-absentia order proper only if DHS establishes written notice "was provided" to the respondent "at the most recent address provided by the alien"); *id*. § 1003.15(d)(1); id. § 1003.18(b). The Sixth Circuit treats the presumption of delivery from regular mail as rebuttable and looks to objective indicia such as returned mail and sworn affidavits. *Santos-Santos*, 917 F.3d at 492–93; *Ba v. Holder*, 561 F.3d 604, 607–08 (6th Cir. 2009); *Thompson v. Lynch*, 788 F.3d 638, 642–43 (6th Cir. 2015). The Board applies the same approach. *Matter of M-R-A-*, 24 I. & N. Dec. 665, 674–75 (BIA 2008); *Matter of C-R-C-*, 24 I. & N. Dec. 677, 679–80 (BIA 2008). *United States v. Mendoza-Lopez*, 481 U.S. 828, 838–42 (1987), provides the constitutional foundation; § 1326(d) codifies that principle. *Palomar-Santiago* confirms the conjunctive prongs but did not involve a lack-of-notice removal. *Campos-Chaves* addresses only the NTA-content problem when a later Notice of Hearing is actually provided; it

does not authorize proceeding after the court learns the hearing notice never reached the respondent.

## IV. Argument

The government relies on *Al-Rawahneh v. INS*, 38 F. App'x 271, 275–76 (6th Cir. 2002), to claim that actual notice is not required and that mailing to the last known address suffices even if the notice is returned. Gov't Br. 13–14 (PAGEID 117–18). *Al-Rawahneh* applied *Mullane's* "reasonably calculated" standard to a pre-IIRIRA case in which the petitioners failed to leave a forwarding address and did not involve an IJ who knew before ruling that the Notice of Hearing had been returned undeliverable. The government's quotation truncates the "reasonably calculated" qualifier and ignores the central fact here: the court had contemporaneous knowledge of non-delivery and proceeded anyway. *Jones* holds that once the government learns its mailed notice failed, it must take additional reasonable steps. *Jones*, 547 U.S. at 230–31.

The government also invokes 8 U.S.C. § 1229a(b)(5)(B) and *James v. Sessions*, 709 F. App'x 810, 813 (6th Cir. 2017). That does not apply. The "Hammond Road" address was officer-supplied on agency paperwork, not an address provided by Mr. Alvarenga via EOIR-33 or AR-11, and the Notice of Hearing sent there was returned. Proceeding after learning of that failure is not "reasonably calculated" notice and does not satisfy § 1229a(b)(5)(A). Defendant does not contend that the NTA or NOH had to be in Spanish; the defect here is known non-delivery.

The government's reliance on *Mota-Roman v. Holder*, 331 F. App'x 379 (6th Cir. 2009), and *Al-Rawahneh* is also misplaced. Neither case involved contemporaneous judicial knowledge that the hearing notice had been returned undeliverable, and both rested on mailing to an address provided by the alien. This record is different in both respects.

Two of the government's authorities are nonbinding. *Al-Rawahneh v. INS*, 38 F. App'x 271 (6th Cir. 2002), is unpublished and nonprecedential in this Circuit, and *Campos v. Att'y Gen.*, 755 F. App'x 90 (3d Cir. 2018), is nonprecedential and from another circuit. In any event both are factually distinct for the reasons stated above.

In *United States v. Ramirez-Velazquez*, the court denied a stay to "exhaust" because the defendant did not assert the only statutory ground to rescind an in-absentia order—non-receipt under § 1229a(b)(5)(C)(ii). It emphasized review is confined by § 1229a(b)(5)(D). That ruling does not apply here. This record establishes returned mail and the Immigration Judge's contemporaneous acknowledgment of non-receipt (ROP, Ex. F, Doc. 18-1 at PAGEID 87–94; Hrg. Audio, Ex. G, Doc. 18 at PAGEID 78–80), which squarely triggers § 1229a(b)(5)(C)(ii).

A.  § 1326(d)(1): Remedies Were Not "Available"; Abeyance Is the Alternative

Section 1326(d)(1) requires exhaustion of remedies that were actually "available." Remedies were not available at the time of the hearing because the court knew the Notice of Hearing had been returned as undeliverable and that Mr. Alvarenga did not receive it. A process that proceeds in the face of known failed delivery denies the predicate for any timely administrative remedy. *Flores-Perez v. United States*, 1 F.4th 454 (6th Cir. 2021), does not control because there was no returned-mail record, no contemporaneous acknowledgment of non-receipt, and a long delay without action by the defendant. This record is the opposite, and Congress expressly authorizes rescission "at any time" for lack of notice. If the Court prefers agency resolution first, the proper course is to hold the motion in abeyance while the IJ and BIA act, particularly since DHS is invoking 8 U.S.C. § 1231(a)(5).

Recent authority reinforces the defense posture. In *United States v. Ramirez-Velazquez* (S.D. Ohio Oct. 8, 2025), the court recognized that § 1231(a)(5) does not automatically bar a motion to reopen based on lack of notice and noted sister-circuit decisions allowing reopening under § 1229a(b)(5)(C)(ii); accordingly, § 1231(a)(5) cannot itself trigger automatic "exhaustion" for § 1326(d)(1). This supports adjudicating the § 1326(d) motion on the merits now, or alternatively holding the matter in abeyance while the BIA appeal proceeds.

### B. § 1326(d)(2): The Proceeding Deprived Mr. Alvarenga of Judicial Review

A removal court may enter an in-absentia order only if written notice "was provided." 8 U.S.C. § 1229a(b)(5)(A). Returned mail and the court's contemporaneous acknowledgment defeat any presumption of delivery and establish non-receipt. Sixth Circuit cases recognize that returned mail and sworn evidence are reliable indicators that rebut delivery presumptions in the in-absentia context. Because he had no notice of the hearing or the decision, Mr. Alvarenga could not knowingly waive appeal and lacked any meaningful opportunity for judicial review. That satisfies § 1326(d)(2). This is the problem *Mendoza-Lopez* identified and that § 1326(d) remedies.

### C. § 1326(d)(3): The Order Was Fundamentally Unfair and Prejudicial

Proceeding in absentia after the court acknowledged non-receipt violates due process. *United States v. El Shami*, 434 F.3d 659, 664–65 (4th Cir. 2005). Prejudice exists where there is a reasonable probability the outcome would have been different but for the violation. Had Mr. Alvarenga been permitted to appear, he could have sought pre-conclusion voluntary departure at or before the master calendar hearing by conceding removability, waiving appeal, and accepting statutory conditions. See 8 U.S.C. § 1229c(b); 8 C.F.R. § 1240.26(b). At that time, he had no

criminal record, was working, and complied when told to report. Those are favorable equities. The lost opportunity to request voluntary departure suffices for prejudice under § 1326(d)(3). See *El Shami*, 434 F.3d at 665; *United States v. Fernandez-Sanchez*, 46 F.4th 211, 220–23 (4th Cir. 2022). Harmless error does not apply to these facts. § 1326(d)(3) asks whether there is a reasonable probability of a different outcome absent the violation. The missed opportunity to request pre-conclusion voluntary departure satisfies that standard. See *El Shami*, 434 F.3d at 665; *Fernandez-Sanchez*, 46 F.4th at 220–23.

## V.     Requested Relief

Mr. Alvarenga has satisfied the requirements of 8 U.S.C. § 1326(d).  He requests a dismissal under 8 U.S.C. § 1326(d). In the alternative, Mr. Alvarenga requests to hold these proceedings in abeyance with 60-day status reports while the BIA appeal proceeds.

Wherefore, Mr. Alvarenga respectfully requests that the Court grant his motion and dismiss the indictment.

Respectfully submitted,

/s/Marcie S. Sherman
Marcie S. Sherman (0098573)
Attorney for Mr. Alvarenga
The Law Office of Marcie S. Sherman
120 W. Second Street, Ste. 1200 Dayton, OH 45402
937-529-8099 –Phone
937-347-5576 – Fax
msherman@937lawyers.com

/s/ *Jacob S. Seidl*
Jacob S. Seidl (#0099147)
Law Office of Jacob Sterling Seidl LLC
Attorney for Jose Antonio Alvarenga
120 W. Second Street, Ste. 1200

Dayton, OH  45402
(937) 204-3652 – Office
jacob@seidllawoffice.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing document was electronically served with the Clerk of Court, Southern District of Ohio, using the CM/CEF system which will send notification of such filing to all counsel of record.

/s/Marcie S. Sherman
Marcie S. Sherman (0098573)